**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4796**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

PARISH KEJUAN MCNEIL,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:11-cr-00161-BO-4)

─────────────

Submitted:  July 31, 2013          Decided:  September 9, 2013

─────────────

Before KING, AGEE, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Dennis H. Sullivan, Jr., SULLIVAN & WAGONER LAW FIRM, Wilmington, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Parish Kejuan McNeil appeals the eighty-seven month sentence he received after he pled guilty to interference with commerce by robbery, and aiding and abetting, 18 U.S.C. §§ 1951, 2 (2006). McNeil contends that the district court erred in applying enhancements for a firearm being "otherwise used" during the robbery, see U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(B) (2011), and physical restraint of the victims, USSG § 2B3.1(b)(4)(B). We affirm.

McNeil and three co-defendants robbed a mini-mart in Leland, North Carolina. Co-defendant Michael Hasty carried a handgun. He ordered two customers who were at the counter to move away from the counter and no further. He then pointed the gun at the two clerks, one at the register and one on a stool at the end of the counter. McNeil or another defendant grabbed the clerk on the stool by the arm and forced her to move to the register. At gun point, Hasty ordered the clerks to hand over all the money or be killed. The robbers then fled.

At his sentencing, McNeil objected to an enhancement recommended in the presentence report for a firearm having been "otherwise used" during the offense. The enhancement applies when the firearm is not discharged, but the conduct in question is more than brandishing, displaying, or possessing the firearm. See USSG § 2B3.1 cmt. n.1, § 1B1.1 cmt. n.1(I). "Brandished,"

2

as defined in Application Note 1(C) to § 1B1.1, means that "all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person." McNeil also objected to an enhancement for restraint of a victim. In this circuit, the enhancement applies where a victim's movements are restricted at gunpoint. See United States v. Wilson, 198 F.3d 467 (4th Cir. 1999); United States v. Stokley, 881 F.2d 114 (4th Cir. 1989). The district court overruled both objections. On appeal, McNeil challenges the increases for a firearm "otherwise used" and for physical restraint of the victims.

A firearm is "otherwise used" under USSG § 2B3.1(b)(2)(B) when use of the gun goes beyond brandishing and becomes actually menacing. See United States v. LaFortune, 192 F.3d 157, 161-62 (1st Cir. 1999). McNeil cites LaFortune to explain the distinction, but relies on a contrary decision, United States v. Moerman, 233 F.3d 379 (6th Cir. 2000), in which the Sixth Circuit held that pointing a firearm in a threatening manner did not amount to more than brandishing. However, the Sixth Circuit has since held that, following Amendment 601 to the definition of brandished in USSG § 1B1.1, "[p]ointing a gun while telling someone what to do obviously goes beyond what now constitutes brandishing[.]" United States v. Bolden, 479 F.3d 455, 463 (6th Cir. 2007); see also United States v. Zenone, 1998

3

WL 497297 at *8 (4th Cir. Aug. 10, 1998) (Nos. 97-4190, 97-4179) (adopting similar reasoning in decisions from the Ninth, Seventh, and Third Circuits). McNeil provides no persuasive contrary authority. Therefore, we conclude that the district court did not err in finding that the enhancement applied in McNeil's case.

Next, McNeil points out that the term "physically restrained," see USSG § 2B3.1(b)(4)(B), is defined in Application Note 1(K) to § 1B1.1 as "the forcible restraint of the victim such as by being tied, bound, or locked up," whereas the background commentary to § 2B3.1 states more definitely that the enhancement applies when a victim "was physically restrained by being tied, bound, or locked up." He acknowledges that the § 1B1.1 definition is not limited to the examples given. See United States v. Stokley, 881 F.2d 114, 116 (4th Cir. 1989). In fact, while "[s]ome circuits view § 2B3.1(b)(4)(B) narrowly, applying the enhancement only when the defendant uses the gun to restrain the victim through bodily contact or some type of confinement," other courts, including this court, view the enhancement "broadly, applying it when the defendant points the gun at the victim, thereby restricting the victim's movements and ensuring the victim's compliance with the desires of the defendant." United States v. Dimache, 665 F.3d 603, 607 (4th Cir. 2011), cert. denied, 132 S. Ct. 1815 (2012); see also

4

<u>Wilson</u>, 198 F.3d at 472 (holding that victim was physically restrained when she was prevented at gunpoint from leaving her car until defendants took her money and took control of her car). In <u>Dimache</u>, two bank tellers who were "ordered to the floor at gunpoint were prevented from both leaving the bank and thwarting the bank robbery[,]" and thus were physically restrained within the meaning of § 2B3.1(b)(4)(B). 665 F.3d at 608.

Relying on <u>United States v. Mikalajunas</u>, 936 F.2d 153 (4th Cir. 1991), McNeil contends that the enhancement does not apply in his case because the victims were restrained briefly, just long enough for the robbery to be completed. We conclude that <u>Dimache</u> and <u>Wilson</u> control, that <u>Mikalajunas</u> is inapposite, and that the district court correctly applied the enhancement for physical restraint.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>